**LONGYEAR REALTY CORPORATION v. KAVANAGH, Collector of Internal Revenue.**

No. 3833.

District Court, E. D. Michigan, S. D.

May 8, 1945.

Angell, Turner, Dyer & Meek, of Detroit, Mich., for plaintiff.

John C. Lehr, U. S. Atty., and Arnold W. Lungerhausen, Asst. U. S. Atty., both of Detroit, Mich. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe, Lester L. Gibson, and R. O. Carlsen, Sp. Assts. to Atty. Gen., on the brief), for defendant.

LEDERLE, District Judge.

### Findings of Fact.

1. This is a suit for recovery of income taxes paid by plaintiff, Longyear

234

Realty Company, to defendant, Giles Kavanagh, Collector of Internal Revenue for this District.

2. At the pre-trial hearings held in accordance with Rule 16, 28 U.S.C.A. following section 723c, the material facts were agreed upon and incorporated in a formal stipulation of facts, which is hereby adopted as part of these findings. The following brief summary is all that is necessary for a determination hereof.

3. In 1931 stock of The Barrows Corporation, owned by plaintiff, became worthless. No deduction therefor was claimed in plaintiff's 1931 income tax return. If plaintiff had done so, its tax would have been $1,842.60 less than the amount plaintiff paid. No claim for refund of 1931 tax was filed.

4. Plaintiff claimed a deduction for worthlessness of this stock in its 1934 income tax return, and the Commissioner disallowed the same, levied a deficiency assessment, which plaintiff paid in 1938 in the amount of $2,584.13. In 1940, plaintiff filed a claim for refund of this amount, claiming alternatively either that the 1934 deduction was proper, or, if not, that the amount of the resulting overpayment for the year 1931 should be refunded to plaintiff as an equitable recoupment, the statute of limitations having barred a direct claim for a 1931 refund. Upon disallowance of this refund claim plaintiff instituted this action within the statutory period allowed therefor.

5. During the course of the instant case plaintiff abandoned its contention that the stock became worthless in 1934 and its corresponding claim for recovery of $2,584.13 allegedly overpaid on that basis. This leaves remaining plaintiff's claim for repayment of $1,842.60 admittedly overpaid on the 1931 income tax return, on which no timely claim for refund was filed. Plaintiff claims that recovery should be allowed on the theory of equitable recoupment against the taxes paid for the year 1934, despite the fact that no timely claim for refund of 1931 taxes was filed.

6. Plaintiff's failure to claim a refund for this 1931 stock loss, deduction for which was omitted from its 1931 income tax return, did not arise out of the same transaction as its payment of tax deficiency on its 1934 income. The 1931 tax was paid for a different year on different items of income than involved in its 1934 taxes.

Conclusions of Law.

1. This is a suit for recovery of income taxes paid by plaintiff to defendant Collector, and, as such, is an action arising under a law providing for internal revenue, over which this court has jurisdiction. 28 U.S.C.A. § 41(5).

2. The finding of the Commissioner is prima facie correct, and the burden is on a contestant to disprove it. Weber v. Kavanagh, D.C.1943, 52 F.Supp. 619.

3. Where a taxpayer has failed to prove that a tax payment in a later year arose out of the same transaction as a tax payment in an earlier year, there is no basis for claiming application of the doctrine of equitable recoupment referred to in the case of Bull v. United States, 1935, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421.

See also articles in: Sec. 58.39, Mertens Law of Federal Income Taxation; 28 Virginia Law Review, 577 (1942); 109 A.L.R. 1354, supplemented by 130 A.L.R. 838, and 154 A.L.R. 1052, reviewing cases to date on this subject.

4. A refund of any portion of an internal revenue tax would be erroneous if made after the period of limitation for filing claim therefor, unless within such period claim was filed. 26 U.S.C.A.Int. Rev.Code § 3774(a).

5. A credit of an overpayment in respect of any tax would be void if a refund would be erroneous under the last cited section. 26 U.S.C.A.Int.Rev.Code, § 3775(b).

6. The provision for adjustment for a tax paid where an item of deduction was erroneously omitted from the gross income of the taxpayer for another taxable year applies only to taxable years beginning after January 1, 1932, which was the year following plaintiff's 1931 return here involved. 26 U.S.C.A.Int.Rev. Code, § 3801(f); Lynchburg Coal & Coke Co. v. United States, 1942, 47 F.Supp. 916, 97 Ct.Cl. 517.

7. No credit or refund can be made for a stock loss in 1931 unless claim therefor was filed within three years from the time the return was filed or within two years from the time the tax was paid, which was not done in this case. 26 U.S. C.A.Int.Rev.Code, § 322(b) (1).

Unfortunately, neither party cited the 1942 and later amendments, ex-

tending to seven years from date for filing return the period for claiming refund on account of deductibility of worthless securities and bad debts. Such amendments do not apply to the years and tax payments in question, as they apply only to taxable years commencing after December 31, 1937, and plaintiff's claim for refund was filed more than seven years after filing date of its 1931 return. But, the amendments indicate to me a Congressional recognition that difficulties arising from determining date of deductibility of these types of losses impelled Congress to provide a longer period for claiming adjustment thereof. Such a statutory extension would have been unnecessary if Congress recognized as tenable plaintiff's position here, namely, that in any year that a taxpayer decides to claim a stock loss, if it be determined that the loss should have been claimed in an earlier year, no matter how distant, the taxpayer can claim the right of adjustment on the theory of equitable recoupment against taxes owing on income for the year he has made his first claim of deductibility, thus avoiding the general limitation period for claiming refund, namely, two years from time of payment or three years from time for filing return. 26 U.S.C.A.Int.Rev.Code § 322(b) (5).

See also: McEachern v. Rose, 1937, 302 U.S. 56, 58 S.Ct. 84, 82 L.Ed. 46; American Light & Traction Co. v. Harrison, 7 Cir., 1944, 142 F.2d 639.

8. It therefore follows that judgment of no cause of action must be entered in favor of defendant and against plaintiff, and this is being done simultaneously herewith.